WO                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Cody Wilkins,

               Plaintiff,

v.

Officer Edmonson, et al.,

               Defendants.

No.   CV 20-08032-PCT-JAT (ESW)

**ORDER**

On February 7, 2020, Plaintiff Cody Wilkins, who is confined in the Yavapai County Detention Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $24.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

### III.   Complaint

In his four-count Complaint, Plaintiff names as Defendants Yavapai County Public Defender Harvel Golden and Yavapai County Detention Officers Edmonson, Lamb, Roberts, and Holdsworth.  In his Request for Relief, Plaintiff seeks monetary damages, for Defendants Edmonson and Lamb to be held accountable for tampering with his mail, and for Defendants Roberts and Holdsworth to be fired and held responsible for their actions.

In **Count One**, Plaintiff raises a "tampering with mail" claim.  He alleges that on January 8, 2020, Defendant Edmondson brought him mail from the District Court, but the envelope had been unsealed and taped shut and the Application to Proceed In Forma Pauperis form that had been sent to Plaintiff was missing.  Plaintiff asserts he contacted Defendant Lamb and asked why his mail had been opened and the form was missing. According to Plaintiff, Defendant Lamb told Plaintiff he had found other forms.  Plaintiff claims that as soon as he told Defendant Lamb "he had committed a federal crime," Defendant Lamb stated that no one wanted to handle Plaintiff's mail or bring it to him and that he was "kidding around [and] that it was a joke."  Plaintiff contends Defendant Lamb "continued to lie."  Plaintiff alleges that when he requested to speak to a supervisor, his request was denied.  Plaintiff claims his access to the courts was hindered and his ability to file a lawsuit was disrupted.

In **Count Two**, Plaintiff alleges he was placed in imminent harm.  He claims that at some point during his detention from June 1 to August 21, 2019, Defendant Roberts took Plaintiff out of his housing unit, escorted him to the hallway, and threatened that he "was going to have [Plaintiff's] eyes blackened."  Plaintiff contends that after Defendant Roberts threatened him, Defendant Roberts turned off the television for a week and the air

conditioning for two weeks "in an attempt to try and get other inmates to hurt [Plaintiff] and ostracize [Plaintiff]."  Plaintiff contends he was "psychologically damaged," placed in "imminent danger," subjected to a "hostile atmosphere," and "punished in a cruel way."

In **Count Three**, Plaintiff alleges he was subjected to retaliation.  He claims he requested new sheets because his sheet had blood on it, but the new sheet he received had strange stains on it and did not smell clean.  Plaintiff contends he requested another sheet, but it was "lockdown hours at night" and his request was denied.  He alleges he wanted to go to sleep, but could not, so he "kept pressing [the] call button to get new sheets and was denied."  Plaintiff claims that soon after, three officers took Plaintiff and his cellmate to a transfer cell, which did not have a bed, and left them in that cell for six hours.  Plaintiff asserts he and his cellmate were banging on the door, and Defendant Holdsworth came into the cell, yelled at them to shut up, and threatened to taze them if they were not quiet. Plaintiff asserts he and his cellmate were yelling that there was no water in the cell and they were thirsty, but Defendant Holdsworth continued to threaten them and "did not meet [their] basic needs."  Plaintiff contends this was retaliation for Plaintiff and his cellmate "wanting basic things and detention officers not wanting to do it."  He asserts he was dehydrated and did not have running water for six hours, which caused "psychological abuse and physical torture."

In **Count Four**, Plaintiff alleges he was denied his Sixth and Fourteenth Amendment rights.  He claims Defendant Golden waived Plaintiff's right to a speedy trial against Plaintiff's wishes, tried to pressure Plaintiff into a plea agreement even though Plaintiff repeatedly stated he was innocent, and tried to get Plaintiff to perjure himself in court.  Plaintiff asserts Defendant Golden caused "undue process of law" and seriously injured Plaintiff's case.

## IV.   Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a

liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.    Count One

First, Plaintiff alleges Defendant Edmonson delivered the opened mail and Defendant Lamb informed Plaintiff that other copies of the missing form were available and that no one wanted to handle Plaintiff's mail.  Plaintiff does not, however, allege that either Defendant Edmonson or Lamb tampered with his mail.

Second, although prisoners have a constitutional right to have their legal mail delivered to them uncensored and unread, *Lemon v. Dugger*, 931 F.2d 1465 (11th Cir. 1991), mail from the courts is not legal mail and the "First Amendment does not prohibit opening such mail outside the recipient's presence."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017).

Finally, as a matter of standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury"—i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (citation omitted).  A prisoner must demonstrate that defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous or arguable claim he wished to present.  *Id.* at 353 and n.3.

Plaintiff has failed to demonstrate that he suffered an actual injury from the Application to Proceed form being removed from the envelope.  Plaintiff indicates Defendant Lamb informed him that he had found other copies of the form.  Moreover, Plaintiff filed an Application to Proceed In Forma Pauperis with his Complaint.  Thus, it

1   appears that, at most, he suffered a minor delay in filing his lawsuit.  This is insufficient to

2   rise to the level of a constitutional violation.  *See Davis v. Goord*, 320 F.3d 346, 352 (2d

3   Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with

4   the courts does not rise to the level of a constitutional violation.'") (citations omitted); *cf.*

5   *Silva v. DiVittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (actual injury alleged where

6   plaintiff claimed pending lawsuits had been dismissed as the result of defendants' actions).

7       Thus, the Court will dismiss without prejudice Count One and Defendants

8   Edmonson and Lamb.

9       **B.   Count Two**

10      As to Plaintiff's allegation that Defendant Roberts threatened him, this does not rise

11  to the level of a constitutional violation.  *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.

12  1987) (defendants' threats of bodily harm to convince plaintiff not to pursue legal redress

13  were insufficient to state a claim under § 1983; "it trivializes the eighth amendment to

14  believe a threat constitutes a constitutional wrong"); *Oltarzewski v. Ruggiero*, 830 F.2d

15  136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a

16  constitutional deprivation under 42 U.S.C. § 1983'" (quoting *Collins v. Cundy*, 603 F.2d

17  825, 827 (10th Cir. 1979))); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)

18  ("mere threatening language and gestures . . . do not, even if true, amount to constitutional

19  violations" (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977))).

20      Regarding Plaintiff's allegation that Defendant Roberts turned off the television and

21  air conditioning in an attempt to get other inmates to hurt and ostracize Plaintiff, a pretrial

22  detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free

23  from punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535

24  (1979).  "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation,

25  medical care, and personal safety.'"  *Alvarez-Machain v. United States*, 107 F.3d 696, 701

26  (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state

27  a claim of unconstitutional conditions of confinement against an individual defendant, a

28  pretrial detainee must allege facts that show:

1
2
3
4
5
6
7

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

8

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

9
10
11
12
13
14
15
16
17

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

18
19
20
21
22
23
24
25
26
27
28

A supported allegation that a correctional official made statements intending to incite inmates to attack another inmate may state a claim under the Eighth or Fourteenth Amendment. *See, e.g., Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992) (allegation that officer intended to harm inmate by inciting inmates to beat him may constitute an excessive force claim; if inmate is able to prove such intent, "it is as if the guard himself inflicted the beating as punishment"); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (defendant officers calling plaintiff a "snitch" in presence of other inmates is material to § 1983 claim for denial of right not to be subjected to physical harm). However, Plaintiff does not allege that Defendant Roberts made any statements intending to incite the inmates to attack Plaintiff or that the inmates were aware that Defendant Roberts turned off the television and air conditioning as a result of something

Plaintiff did or to incite them to attack Plaintiff.  Moreover, it does not appear Plaintiff suffered any harm from the inmates.  Absent more, Plaintiff's allegations are too vague and conclusory to state a threat to safety claim against Defendant Roberts.

Thus, the Court will dismiss without prejudice Count Two and Defendant Roberts.

### C.    Count Three

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").    The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff alleges Defendant Holdsworth retaliated against him for "wanting basic things" by yelling at Plaintiff, telling him to shut up, threatening to taze him if he did not be quiet, and leaving Plaintiff in a cell without water for six hours after Plaintiff claimed he was thirsty.  As previously noted, mere threats do not rise to the level of a constitutional violation.  In addition, Plaintiff does not allege that Defendant Holdsworth's actions did not reasonably advance a legitimate penological goal.  *See Bell*, 441 U.S. at 546 ("maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees.").  Moreover, Plaintiff does not allege Defendant Holdsworth's conduct chilled the exercise of his First Amendment rights, and

it appears the only harm Plaintiff suffered from Defendant Holdsworth's actions was the lack of water for six hours during the night.  At best, this is a minimal harm.  Thus, the Court will dismiss without prejudice Defendant Holdsworth and Count Three.

### D.  Count Four

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law.  An attorney representing a criminal defendant does not act under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law.").  Thus, the Court will dismiss Defendant Golden and Count Four.

## V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## VI.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $24.00.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

1       (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2  civil rights complaint by a prisoner.

3       Dated this 20th day of April, 2020.

4

5

6

7                             James A. Teilborg
                         Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.   If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:            **OR**            <u>Tucson Division</u>:
U.S. District Court Clerk                                        U.S. District Court Clerk
U.S. Courthouse, Suite 130                                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                              405 West Congress Street
Phoenix, Arizona   85003-2119                                   Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

        I hereby certify that a copy of the foregoing document was mailed
        this _____ (month, day, year) to:
        Name:   _____
        Address:_____
                    Attorney for Defendant(s)

        _____
        (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**
    1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**
    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**
    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**
    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  Counts.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.  Issue Involved.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.   State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
                                  (Position and Title)                                                (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
                                  (Position and Title)                                                (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
                                  (Position and Title)                                                (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
                                  (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count I?                ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
       your institution?                                                            ☐ Yes      ☐ No
  b.   Did you submit a request for administrative relief on Count III?              ☐ Yes      ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes      ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
       did not.   _____
       _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                             DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.